**UNITED STATES of America, Plaintiff-Appellee**

v.

**Juan Ismael OROZCO-VAZQUEZ, Defendant-Appellant**

**No. 16-41546
Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed November 22, 2017

Christopher Howard, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Laredo, TX, Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, John Moreno Parras, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Before STEWART, Chief Judge, and OWEN and HAYNES, Circuit Judges.

PER CURIAM:*

Juan Ismael Orozco-Vazquez appeals his conditional guilty plea conviction of conspiring to possess with intent to distribute

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine for which he was sentenced to 27 months of imprisonment and three years of supervised release.

In reviewing a district court's suppression ruling, we review factual findings for clear error and questions of law de novo. *United States v. Jaime*, 473 F.3d 178, 181 (5th Cir. 2006). A factual finding is not clearly erroneous so long as it is plausible in light of the record as a whole. *United States v. McKinnon*, 681 F.3d 203, 207 (5th Cir. 2012). Facts are construed in the light most favorable to the Government as the prevailing party on the motion to suppress. *United States v. Macias*, 658 F.3d 509, 517 (5th Cir. 2011).

The district court did not clearly err in denying Orozco–Vazquez's motion to suppress. *See Jaime*, 473 F.3d at 181. Orozco–Vazquez's detention in the primary inspection lane was within the permissible duration of an immigration checkpoint stop. *See United States v. Machuca–Barrera*, 261 F.3d 425, 431–35 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.